IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSHUA E. HAYNES, SR.,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-1954 |
| | : | |
| **RICHARD LEACH**, *et al.*, | : | |
|     **Defendants.** | : | |

## ORDER

AND NOW, this 28th day of September, 2022, upon consideration of Plaintiff Joshua E. Haynes, Sr.'s Motion to Proceed In Forma Pauperis (ECF No. 1), Haynes's Prisoner Trust Fund Account Statement (ECF No. 3), and Haynes's pro se Complaint (ECF No. 2), it is **ORDERED** that:

1.  Leave to proceed in forma pauperis (ECF No. 1) is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.  Joshua E. Haynes, Sr., #20000607, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of George W. Hill Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Haynes's inmate account; or (b) the average monthly balance in Haynes's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Haynes's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited

to Haynes's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of George W. Hill Correctional Facility.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED, in part WITH PREJUDICE and in part WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as follows:

   a. Haynes's claim based on responses to grievances is **DISMISSED WITH PREJUDICE**.

   b. Haynes's due process claims based on confiscation of property and placement in the SMU, and his claims based on his conditions of confinement, retaliation, failure to protect, excessive force, deliberate indifference, and for violations of federal statutes are **DISMISSED WITHOUT PREJUDICE**.

6. Haynes may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Haynes's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Haynes should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Haynes may not reassert any claim that has been dismissed with prejudice.

7.	Upon the filing of an amended complaint, the Clerk shall not make service until so ordered by the Court.

8.	The Clerk of Court is **DIRECTED** to send Haynes a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Haynes may use this form to file his amended complaint if he chooses to do so.[1]

9.	If Haynes does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. See Weber v. McGrogan, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.").

10.	If Haynes fails to file any response to this Order, the Court will conclude that Haynes intends to stand on his Complaint and will issue a final order dismissing this case. See Weber, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.